Samuel H. Merrill, *v.* C. J. Taylor et al.

**Bills and Notes—Co-Sureties—Presumptive Notice.**

> C. J. Taylor and Merrill were principals in a note given by them for borrowed money while they were partners in business. A new note was given by them in lieu of the old one, signed C. J. Taylor, and Merrill "surety." S. P. and J. G. Taylor also signed the last note as sureties: **Held,** that the word "surety" after the name of Merrill may have been presumptive notice to the other parties, of the character in which he assumed to bind himself, this would not make him the co-surety of S. P. and J. G. Taylor unless he had ceased to stand, as between him and C. J. Taylor, in the attitude of principal in the original debt.

**Same.**

> The evidence showed that on the dissolution of the partnership, C. J. Taylor undertook to collect the means of the firm and out of that, pay the debts. This would not change the character of Merrills responsibility from principal to surety. Until this agreement was fully carried out, the obligations were the debt of both.

APPEAL FROM ADAIR CIRCUIT COURT.

October 6, 1868.

Opinion of the Court by Judge Hardin:

The trustees of the Zion Baptist Church in Adair county held a note on the appellant S. H. Merrill, and C. J. Taylor for money which they borrowed as partners when engaged as such in the business of merchandising. The debt appears to have amounted to $920 on the 20th of March, 1860, when a new note was given for the same consideration signed by said C. J. Taylor, and by said S. H. Merrill, with the word "surety" affixed to his signature, and signed also by the appellees S. P. Taylor and J. G. Taylor. A judgment having been obtained on the last named note C. J. Taylor paid $587.25 on the debt and Merrill paid the balance of $670.40 and took an assignment from the plaintiffs' attorney of the benefit of the balance of the judgment so satisfied by him, and sued out an execution to coerce payment from his co-defendants in the judgment.

This suit in equity was brought by said C. J. Taylor, S. P.

Taylor and J. G. Taylor to enjoin the collection of the judgment and execution assigned, on the alleged ground that Merrill was jointly bound with C. J. Taylor as the principal obligor in the debt, and that S. P. Taylor and J. G. Taylor were only sureties in the debt for both C. J. Taylor and Merrill, and that said sum of $587.25 was when paid by Taylor his equal half of the debt exclusive of sheriff's commissions which he also paid thereon.

These and other averments of the petition, and the answer of the defendant, presented the qustions, 1st, whether or not C. J. Taylor was alone the principal obligor in the debt and Merrill and S. P. Taylor and J. G. Taylor were alike his sureties, and, 2nd, whether as between C. J. Taylor and Merrill an agreement existed by which the latter was bound to pay the entire debt although both were principals so far as the other obligors were concerned.

The court on hearing the cause seems to have been of the opinion that S. P. Taylor and J. G. Taylor were sureties of both Merrill and C. J. Taylor, but that as between the latter, Taylor was bound by an agreement to pay the debt in consideration of the partnership means and assets left in his hands as alleged by Merrill, and accordingly the court perpetuated the injunction in favor of S. P. Taylor and J. G. Taylor, but dissolved it as to C. J. Taylor and dismissed the petition as to him but without prejudice to his right to have a settlement of the partnership.

And from that judgment Merrill has appealed to this court.

It is not controverted that C. J. Taylor and Merrill were principals in the debt until its removal on the 20th of March, 1860. Neither is it controverted that they were partners when the original debt was created; and although when the last note was given, Merrill professed to execute it as surety for C. J. Taylor and affixed the word "surety" to his signature, which may have been presumptive notice to the parties who subsequently signed the note of the character in which he assumed to bind himself thereby, these facts did not make him the co-surety of S. P. and J. G. Taylor, unless he had ceased to stand, as between him and C. J. Taylor, in the attitude of a principal in the original debt. The averments of his answer, so far as Miller's testimony goes to sustain them, are in effect that on the dissolution of the co-partnership, C. J. Taylor undertook to collect the means of the firm and out of funds so to be realized to pay the debts. This did not change the character of Merrill's responsibility from principal to

surety in the debts, nor divest him of his interest in firm assets remaining in his partner's hands, but was simply an agreement by which when fully carried out he might be relieved of responsibility for the debts, and until so relieved, the debts were his own as well as Taylor's.

It seems to us the circuit court construed the transaction as between the original debtors, and S. P. and J. G. Taylor, and held the latter two to be the sureties of both the others, and therefore properly perpetuated their injunction. As C. J. Taylor has not appealed from the judgment, we do not decide whether the court did not properly regard Merrill as a surety as between them; he having signed the note as surety—with C. J. Taylor's knowledge.

Wherefore, the judgment is affirmed.

*Bramblett & Son, Winfrey, for appellant.*

*Baker, for appellees.*